UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BYAMBADORJ TSENDAYUSH,<br><br>     Plaintiff,<br><br>v.<br><br>PAMELA BONDI et al.,<br><br>     Defendants. | Case No. 5:26-cv-00970-SB-KES<br><br><br>ORDER DENYING<br>APPLICATION FOR<br>TEMPORARY RESTRAINING<br>ORDER [DKT. NO. 2] |

Petitioner, a Mongolian citizen, seeks a temporary restraining order (TRO) requiring his immediate release from immigration detention.  The application is denied.

I.

Petitioner entered the United States on a visitor visa in 2006.  In 2010, he was charged with forgery in Ohio, which led to removal proceedings.  He was detained for a short period and then released without immigration supervision or reporting requirements.  In 2014, he was convicted of vandalism and trespass in Los Angeles and placed on probation, which he completed.  He has no subsequent criminal history.  Petitioner is married and has two U.S. citizen children, including an autistic son with special social and educational needs.

On December 16, 2025, Petitioner was detained outside his home by Immigration and Customs Enforcement (ICE) officers.  Petitioner states that he has never been "presented with an arrest warrant" or other related documents.  Dkt. No. 2-1 ¶ 13.  The government claims that the arrest was supported by an administrative warrant.  Dkt. No. 9-4 at 3.

On December 19, 2025, Petitioner received a notice to appear before an immigration judge (IJ) to show cause why he should not be removed for "remain[ing] in the United States for a time longer than permitted."  Dkt. No. 9-2 at 1.

1

On January 29, 2026, an immigration judge (IJ) denied Petitioner's bond request, finding that he is a flight risk.  He is next set to appear before an IJ on March 23, 2026.

On March 1, 2026, Petitioner filed a habeas corpus petition and application for temporary restraining order (TRO).  The government filed an opposition to the application (Dkt. No. 9); Petitioner did not reply.  The TRO application seeks Petitioner's immediate release on the following grounds:  (1) violation of due process by detaining him without a pre-deprivation hearing; (2) violation of the Immigration and Nationality Act (INA), 8 U.S.C. § 1357(a)(2) and its implementing regulations by detaining him without a warrant or probable cause; (3) the failure to properly revoke release under 8 C.F.R. § 241.4; and (4) detention under 8 U.S.C. § 1225 without a bond hearing.

## II.

The government argues that jurisdiction is barred by 8 U.S.C. § 1252(g) and 8 U.S.C. §§ 1252(a)(5), (b)(9).  Those provisions are construed narrowly and do not bar claims that are independent of the decision to commence proceedings, adjudicate removal, or execute a removal order.  *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020); *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025).  Petitioner does not challenge a final order of removal or the substance of removal proceedings.  Instead, he raises claims related to the circumstances of his arrest and detention.  Thus, the government has not shown that the Court lacks jurisdiction here.  *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (noting that claims that are merely "collateral to the removal process" are reviewable); *see also Ton v. Noem*, No. 5:25-CV-02033-SB, 2025 WL 2995068, at *2 (C.D. Cal. Sept. 3, 2025) (finding § 1252(g) did not bar review of challenge to prolonged detention); *Hernandez Cruz v. Noem*, No. 8:25-CV-02566-SB, 2025 WL 3482630, at *1–2 (C.D. Cal. Dec. 2, 2025) (holding §§ 1252(a)(5), (b)(9), and (g) did not bar review of challenge to detention without bond).

## III.

To obtain preliminary relief, a movant must establish:  (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and

2

preliminary injunction standards are substantially the same).  In the Ninth Circuit, a preliminary injunction may issue where there are "serious questions going to the merits"—a "lesser showing than likelihood of success on the merits"—and a "balance of hardships that tips sharply toward the plaintiff," provided the other elements of the *Winter* test are also met.  *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (cleaned up).

Here, Petitioner has not shown a likelihood of success or raised serious questions on the merits sufficient to warrant preliminary relief.

1.   Petitioner challenges his arrest under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(i), contending that those provisions permit a warrantless arrest only if the officer has probable cause that a person is in the United States unlawfully and poses a flight risk.  *See Tejeda-Mata v. I.N.S.*, 626 F.2d 721, 725 (9th Cir. 1980) (equating "reason to believe" in § 1357 with probable cause).  Even assuming § 1357 requires a warrant in these circumstances, the government has submitted evidence that Petitioner was arrested pursuant to an administrative warrant.  *See* Dkt. No. 9-4 at 4–5 (detailing Petitioner's December 16 arrest and stating officer was "provided with an I-200 warrant for arrest" before the arrest).  Absent any response to that evidence, Petitioner fails to demonstrate a likelihood of success or raise serious questions on the merits of this claim.[1]

2.   Petitioner also contends that due process, as evaluated under *Mathews v. Eldridge*, 424 U.S. 319 (1976), required a pre-deprivation hearing.  According to the Ninth Circuit, "*Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

Even assuming a significant liberty interest, Petitioner has not shown that due process requires a pre-deprivation hearing where he received a prompt post-detention bond hearing.  Nor does he address why that post-deprivation process is inadequate to safeguard his liberty interest.  On this record, he fails to show a likelihood of success or raise serious questions on his procedural due process claim.

3.   Petitioner contends that "his release on supervision" was improperly revoked because the government failed to provide notice or a prompt informal

---

[1] Petitioner's claim under § 287.3(d), which applies to warrantless arrests, fails on this record for the same reason.

interview under 8 C.F.R. § 241.4(l) and because any revocation was not authorized by an official designated under § 241.4(h)(5). These claims fail at the threshold, as Petitioner does not show that he was subject to an order of supervision before his detention. To the contrary, he states that he was released "without conditions or instructions, such as check-in appointments or digital monitoring device." Dkt. No. 2-1 ¶ 11. His delegation argument also fails because he does not identify or describe the official who allegedly lacked authority to revoke his release.

4. Petitioner challenges his detention under § 1225 rather than § 1226, which generally provides for a bond hearing absent exceptions not relevant here. This claim fails because Petitioner received a bond hearing under § 1226, as reflected in his TRO application. *See* Dkt. No. 2-15 (record of Petitioner's January 29 bond hearing).

IV.

Because Petitioner fails to demonstrate a likelihood of success or raise serious questions on the merits of his claims, the Court need not consider the remaining *Winter* factors. *See California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, [the court] need not consider the other factors.") (cleaned up). The TRO application is denied.

*    *    *

The Court sets the following briefing schedule on the underlying habeas petition: the government shall respond to the petition by March 24, 2026, and Petitioner shall file any reply by March 27. The parties shall meet and confer about whether they agree to proceed before the assigned Magistrate Judge for all purposes. Consenting to Magistrate Judge jurisdiction will expedite determination of the petition by avoiding the delay associated with the preparation and review of a report and recommendation. If the parties consent, they shall file a joint statement of consent, signed by counsel for each side, by March 20. Declining consent will not result in any adverse substantive consequences.

Date: March 18, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

4