UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYAMBADORJ TSENDAYUSH, | Case No. 5:26-cv-00970-SB-KES |
| Petitioner, | |
| v. | ORDER DENYING HABEAS PETITION |
| PAMELA BONDI et al., | |
| Respondents. | |

Petitioner Byambadorj Tsendayush filed a habeas corpus petition challenging his detention in immigration custody, arguing that the government unlawfully arrested him and deprived him of liberty without due process of law. After the U.S. Magistrate Judge issued a Report and Recommendation (R&R), the Court ordered supplemental briefing and held a hearing on May 8, 2026.  Having reviewed the R&R, the parties' supplemental submissions, and the record as a whole, the Court respectfully declines to adopt the R&R's recommendation that the petition be granted.

I.

The relevant facts and procedural history of the case are set forth in the R&R.  Dkt. No. 18.  On December 16, 2025, Petitioner was arrested outside his home and taken into immigration detention.  Although Petitioner originally alleged that he was arrested without a warrant, the government provided evidence of two administrative immigration warrants:  a December 15, 2025 warrant served on Petitioner during his arrest (Dkt. No. 17) and a December 17, 2025 warrant (Dkt. No. 16-1).  The December 15 warrant stated that the immigration officer had "determined that there is probable cause to believe that [Petitioner] is removable from the United States" based on "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate . . . that the subject either lacks immigration status or notwithstanding such status is removable[.]"  Dkt. No. 17.  The December 17 warrant reflected a probable-cause determination based on the initiation of removal proceedings and "statements made

1

voluntarily by the subject to an immigration officer and/or other reliable evidence" indicating that Petitioner was unlawfully present and removable.  Dkt. No. 16-1.

On December 19, 2025, the government issued a Notice to Appear (NTA) commencing removal proceedings against Petitioner.  *See* Dkt. No. 16-2.  The NTA was served on Petitioner on December 22, 2025.  *Id*.  On January 29, 2026, Petitioner received a bond hearing before an immigration judge, who denied bond after finding that Petitioner posed a flight risk.  Dkt. No. 16-5.

On March 1, 2026, Petitioner filed a petition for a writ of habeas corpus, along with an application for a temporary restraining order (TRO).  In denying the application, the Court concluded that Petitioner had not demonstrated a likelihood of success on any of his habeas claims.  Dkt. No. 12.  Subsequently, the Magistrate Judge ordered Respondents to submit supplemental briefing and evidence in response to Petitioner's challenges to his arrest and his due process claim.  Dkt. No. 15.

## II.

The government renews the jurisdictional arguments it raised in opposition to the TRO application.  *Compare* Dkt. No. 9 at 5–9, *with* Dkt. No. 13 at 5–9.  For the reasons set forth in the Court's prior order, the government has not shown that 8 U.S.C. § 1252 strips this Court of jurisdiction over Petitioner's claims.  *See* Dkt. No. 12 at 2.

## III.

Petitioner challenges both his arrest and the sufficiency of the post-detention process provided to him.

## A.

Petitioner primarily contends that the sequence in which the government issued the administrative warrants, arrested him, and commenced removal proceedings violated the Immigration and Nationality Act (INA) and its implementing regulations, rendering his arrest unlawful and entitling him to immediate release.  Dkt. No. 21 at 3–4.  Specifically, Petitioner argues that the government failed to comply with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(b) by

arresting him before issuing a Notice to Appear (NTA).[1]  The Court need not decide whether Petitioner's interpretation of the INA and its implementing regulations is correct.  Even assuming, without deciding, that the government failed to comply with the statutory or regulatory requirements governing the initiation of Petitioner's custody, Petitioner has not shown that release from custody is an available remedy.

The dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody.  *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923).  He is not.  As the Supreme Court explained more than a century ago, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment."  *Id*. (cleaned up).  The Supreme Court reaffirmed that principle in *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984).

That principle applies here.  Within days of Petitioner's arrest, the government commenced removal proceedings by issuing an NTA.  Petitioner thereafter received an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d), at which an immigration judge denied bond after finding that Petitioner posed a flight risk.  Dkt. No. 13-3.  Petitioner does not appear to dispute that the government possessed factual grounds to believe he was removable.  Petitioner's present detention is therefore based on his ongoing removal proceedings and the immigration judge's custody determination under § 1226(a), rather than solely on the circumstances of his initial arrest.  Whatever defect may have occurred in the initiation of Petitioner's custody, Petitioner has not shown that it renders his present detention unlawful or that release is the appropriate remedy.

---

[1] Section 1226(a) provides:  "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226.  Section 1236.1 provides: "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [noncitizens] may be arrested and taken into custody under the authority of [the arrest warrant]."  8 C.F.R. § 1236.1.

3

Recent district court decisions addressing similar challenges have reached the same conclusion. *See, e.g., Papikyan v. Semaia*, No. 26-CV-1824-SB, 2026 WL 1455139, at *1 (C.D. Cal. May 22, 2026) (concluding that release was not warranted based on the fact that the arrest warrant preceded the NTA); *Urias v. Warden-Facility Adm'r*, No. 5:26-CV-01972-JWH, 2026 WL 1419045, at *1 (C.D. Cal. May 20, 2026) (rejecting claim that release is the proper remedy for a warrantless arrest); *Marroquin Salazar v. Noem*, No. 5:25-CV-02393, 2025 WL 3535050-FLA, at *1 (C.D. Cal. Dec. 8, 2025) (rejecting the argument that an unconstitutional arrest required release); *Reyes v. Hermosilla*, No. 25-CV-2525, 2026 WL 528692, at *3 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, 2026 WL 525103 (W.D. Wash. Feb. 25, 2026) (holding that the petitioner was "not entitled to release based on an allegedly unlawful arrest" where he was detained pursuant to ongoing removal proceedings); *see L-J-P-L- v. Wamsley*, No. 3:25-CV-01390, 2025 WL 2430268, at *6 n.3 (D. Or. Aug. 22, 2025) ("Even if these violations occurred, they are not appropriately raised in a habeas petition, which considers the lawfulness of a continuing detention.").

Consistent with this authority, the Court concludes that even if the government did not fully comply with the INA or its implementing regulations in initiating Petitioner's custody, the alleged defect would not entitle Petitioner to release because his present detention is supported by his ongoing removal proceedings and the immigration judge's custody determination under § 1226(a).

B.

Petitioner also argues that his arrest and detention violated due process because he was deprived of liberty without notice or an opportunity to be heard. In denying the TRO application, the Court found:

> According to the Ninth Circuit, "*Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). Even assuming a significant liberty interest, Petitioner has not shown that due process requires a pre-deprivation hearing where he received a prompt post-detention bond hearing. Nor does he address why that post-deprivation process is inadequate to safeguard his liberty interest.

Dkt. No. 12 at 3 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

4

In reply, Petitioner argues that his bond hearing violated due process "because it improperly shifted the burden of proof away from the government." Dkt. No. 14 at 9.  That argument is difficult to reconcile with Ninth Circuit precedent.  In *Rodriguez Diaz*, the court rejected the petitioner's "claim[] that he should not have borne the burden of proof at his initial bond hearing."  53 F.4th at 1210; *see also id.* at 1211 ("We have not previously held that cases involving heightened burdens of proof for the deprivation of liberty interests of U.S. citizens apply coextensively to alien detainees who have been subject to § 1226(a) and its procedures throughout the period of their detention."); *id.* at 1212 ("Nothing in this record suggests that placing the burden of proof on the government was constitutionally necessary to minimize the risk of error, much less that such burden-shifting would be constitutionally necessary in all, most, or many cases.").

Thus, Petitioner has not shown that he is entitled to be released based on his procedural due process claim.[2]

IV.

The petition is denied.

Date: June 30, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] The petition also invokes the Fourth Amendment, the Administrative Procedure Act (APA), the *Accardi* doctrine, the *Castañon Nava* settlement agreement, and substantive due process.  Those theories are asserted only in general terms and are not meaningfully developed as independent grounds for habeas relief.  Even assuming the alleged violations occurred, Petitioner has not shown that any independently entitles him to immediate release for the reasons discussed above.

5